IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVIN SEATS, #R65374,                        )
                                             )
    Plaintiff,                          )
                                             )
v.                                           )    Case No. 25-cv-00122-SMY-RJD
                                             )
ANTHONY WILLS, *et al.*,                     )
                                             )
    Defendants.                         )

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motions to Compel (Docs. 72 & 75) filed by Plaintiff Devin Seats.[1] For the reasons set forth below, Plaintiff's Motion to Compel (Doc. 72) is **DENIED**, and the Motion to Compel (Doc. 75) is **GRANTED in part and DENIED in part**.

## Background

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). He claimed the defendants denied him all access to yard from November 27, 2023, until December 11, 2024, while he was in segregation, which worsened his mental health symptoms. (Docs. 1 &13). Following the threshold review of the Complaint under 28 U.S.C. 1915A, Plaintiff was allowed to proceed on the following claims:

    Count 1:    Eighth Amendment cruel and unusual punishment claim against Defendants
                 Wills, Wilson, Morris, Nicholson, and Brauninger for denying Plaintiff

---

[1] Chief District Judge Staci M. Yandle referred the disposition of the motions to compel to the undersigned. (Doc. 79).

access to yard and out-of-cell exercise/recreation at Menard between November 27, 2023, and December 11, 2024.

Count 2:    Eighth Amendment deliberate indifference to serious mental health needs claim against Defendants Wilson, Morris, Nicholson, and Brauninger for failing to provide adequate mental health care to Plaintiff during the time he was in segregation and was denied yard and out-of-cell time, between November 27, 2023, and December 11, 2024.

(Docs. 13 & 23).

**Plaintiff's Motion to Compel (Doc. 72)**

On February 3, 2026, Plaintiff moved to compel Defendants Nicholson and Wilson to respond to his interrogatories. (Doc. 72). Plaintiff alleged that Defendants Nicholson and Wilson failed to provide a substantive response to some of his interrogatories, arguing they were not directed towards them. Plaintiff attached to the motion a letter dated December 7, 2025, asking that Defendants provide substantive responses. (Doc. 72, p. 2). He further attached a letter dated January 23, 2026, reasserting his request for substantive responses and indicated that he also served Defendants with additional interrogatories. (Doc. 72, p. 3). Plaintiff did not attach to the motion a copy of the actual discovery documents, nor did he recite them verbatim within the motion, in contravention of Local Rule 26.1. SDIL-LR 26.1(c)(4) ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37 shall have attached to it . . . a copy of the actual discovery documents that are the subject of the motion or, in the alternative, set out . . . a verbatim recitation " of the discovery request at issue). Plaintiff further did not clarify the exact date that he served Defendants with the interrogatories.

Defendants Nicholson and Wilson opposed the motion. (Doc. 73). They represented that Plaintiff served them with a first set of interrogatories in October 2025, and a second set of interrogatories in December 2025. In their responses to Plaintiff's first set of interrogatories, Defendants Nicholson and Wilson did not provide a substantive response to interrogatories that

were specifically directed to other Defendants. (Doc. 73-1, pp. 7, 10). They contended they timely responded to the first set of interrogatories but delayed their responses to the second set "a few days," because they needed additional time to finalize and sign them. Defendants provided copies of their responses to Plaintiff's first set of interrogatories, showing being served to Plaintiff on November 24, 2025. (Doc. 73-1, pp. 8, 13). Defendants Nicholson and Wilson's responses to Plaintiff's second set of interrogatories were served on January 29, 2026, and February 2, 2026, respectively. (Doc. 73-1, pp. 20, 25).

Based on the record before it, Plaintiff has not established that Defendants Nicholson and Wilson failed to timely respond to the first set of interrogatories because he has not shown when he served Defendants with that document. Further, review of Defendants' responses shows that they did not substantively respond to only those interrogatories that were explicitly not directed toward them. (*See* Doc. 73-1, pp. 7, 10). While Defendants Nicholson and Wilson admit that they delayed their responses to Plaintiff's second set of interrogatories for a few days, they had served Plaintiff with their responses by February 2, 2026, a day before Plaintiff filed the motion to compel.

Accordingly, the Motion to Compel (Doc. 72) is **DENIED as moot**.

**Plaintiff's Motion to Compel (Doc. 75)**

On February 18, 2026, Plaintiff moved to compel Defendants Wills to respond to the requests for production of documents that were served in December 2025. (Doc. 75). Plaintiff represented that he had requested "the dates and times on the Doc. 0336 form," or the "0586 form," which record the inmates' yard or recreation time, from November 2023 through December 2024. Plaintiff did not attach to the motion a copy of the actual discovery documents, nor did he recite them verbatim within the motion, in contravention of Local Rule 26.1. SDIL-LR 26.1(c)(4). He

claimed, however, that staff at Pontiac Correctional Center confiscated his legal materials on February 12, 2026.

Defendants Morris and Wills responded on March 4, 2026. (Doc. 76). They denied receiving any requests for production of documents in December 2025. They argued that on January 21, 2026, they received Plaintiff's request for production of documents, dated January 12, 2026. (Doc. 76). On February 11, 2026, Defendants sought a one-week extension of time to respond, but Plaintiff proceeded with filing this motion on February 18, 2026. Defendants served their discovery responses on March 4, 2026. They explained that the delay was attributed to the defense counsel's inadvertent failure to calendar the due date.

Plaintiff replied on March 23, 2026, arguing that the documents Defendants produced did not show the yard/exercise time for North 2 Restrictive Housing. (Doc. 78). Plaintiff again did not attach the documents at issue. On April 3, 2026, however, he filed a supplemental reply attaching an excerpt of Defendants' responses and arguing that Defendants only produced responsive documents for October 2024 through December 2024. (Doc. 81). He asked the Court to compel Defendants to produce responsive documents showing yard/recreation time for North 2 Restrictive Housing from November 2023 to December 2024.

Having reviewed the record, the undersigned notes that Plaintiff's original motion has been rendered moot since Defendants have already responded to Plaintiff's request for production of documents. However, Defendants' response to the request for production of documents regarding any "yard/recreation time for North 2 Restrictive Housing from November 2023 to December 2024" is ambiguous. The provided document states: "Below are the following days that WCH and N2 went to yard for the timeframe requested." (Doc. 81, pp. 3-4). The document does not clarify the requested timeframe, but it lists only dates from October 2024 through January 2024. This

could mean that inmates at those housing units did not receive any yard time between November 2023 and September 2024, or that Defendants did not provide information for that period.

Accordingly, Plaintiff's Motion to Compel (Doc. 75) is **GRANTED in part and DENIED in part**. By **May 4, 2026**, Defendants are **ORDERED** to serve Plaintiff with a supplemental response to his request for production of documents regarding any "yard/recreation time for North 2 Restrictive Housing from November 2023 to December 2024" that has not already been included in their response. If no such document exists, Defendants shall indicate so in their supplemental response. Plaintiff is also **REMINDED** that under Local Rule 26, discovery motions "filed pursuant to Fed. R. Civ. P. 26 through 37 shall have attached to it . . . a copy of the actual discovery documents that are the subject of the motion or, in the alternative, set out . . . a verbatim recitation" of the discovery requests at issue. SDIL-LR 26.1(c)(4).

<u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 72) is **DENIED**, and his Motion to Compel (Doc. 75) is **GRANTED in part and DENIED in part**. By **May 4, 2026**, Defendants are **ORDERED** to serve Plaintiff with a supplemental response to his request for production of documents regarding any "yard/recreation time for North 2 Restrictive Housing from November 2023 to December 2024" that has not already been included in their response. If no such document exists, Defendants shall indicate so in their supplemental response.

**IT IS SO ORDERED.**

**DATED: April 27, 2026**

_s/ Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**