IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEVIN SEATS, #R65374,                     )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )        Case No. 25-cv-00122-SMY-RJD
                                          )
ANTHONY WILLS, *et al.*,                  )
                                          )
        Defendants.                       )

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on the Motion to Compel (Doc. 82) filed by Plaintiff Devin Seats.[1] For the reasons set forth below, the motion is **DENIED**.

## Background

Plaintiff, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). He claimed the defendants denied him all access to yard from November 27, 2023, until December 11, 2024, while he was in segregation, which worsened his mental health symptoms. (Docs. 1 &13). Following the threshold review of the Complaint under 28 U.S.C. 1915A, Plaintiff was allowed to proceed on the following claims:

Count 1:     Eighth Amendment cruel and unusual punishment claim against Defendants Wills, Wilson, Morris, Nicholson, and Brauninger for denying Plaintiff access to yard and out-of-cell exercise/recreation at Menard between November 27, 2023, and December 11, 2024.

---

[1] Chief District Judge Staci M. Yandle referred the disposition of the motions to compel to the undersigned. (Doc. 97).

Count 2:          Eighth Amendment deliberate indifference to serious mental health needs claim against Defendants Wilson, Morris, Nicholson, and Brauninger for failing to provide adequate mental health care to Plaintiff during the time he was in segregation and was denied yard and out-of-cell time, between November 27, 2023, and December 11, 2024.

(Docs. 13 & 23).

Plaintiff moved to compel Defendant Morris to respond to interrogatories and discovery requests "from February 18, 2026." (Doc. 82). Plaintiff attached to his motion a document dated February 18, 2026, containing a single interrogatory directed to Defendant Morris. (Doc. 82, p. 2). The interrogatory asks for the number of grievances that Morris received and responded to regarding Plaintiff's deprivation of yard or out-of-cell time. The document also includes a request for production of any grievance Plaintiff filed regarding that issue while in Menard Segregation. Plaintiff also attached a follow-up letter dated April 7, 2026.

Defendant Morris objected to the motion, arguing that this written discovery was never served to defense counsel. (Doc. 85). Defendant further argues that the motion must be denied because Plaintiff has already been provided with his grievances, grievance logs, and administrative review board documents in Defendants' initial disclosures.

First, Plaintiff has not established that Defendant Morris failed to timely respond to the written discovery. He states in the motion the date of the requests, but he does not explain when he mailed them to Defendant Morris. Nor does he attach to his motion a certificate of service of the discovery requests at issue or other proof of service. In any case, the Court agrees with Defendant that the requests should be denied as duplicative of the discovery that has already been produced. The Court ordered Defendants to produce to Plaintiff all of his grievances, grievance logs, and administrative review board documents in Defendants' initial disclosures. (Doc. 37, p. 2). Those documents address both the interrogatory and the request for production at issue in this

motion. *See* Fed. R. Civ. P. 33 (d) (providing that a party may respond to an interrogatory by producing records from which the response can be readily inferred). Plaintiff has not alleged that Defendants failed to produce those documents in their Initial Disclosures.

<u>**Conclusion**</u>

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 82) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 17, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**